UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAMMY WILLIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GWINNETT COUNTY SCHOOL ) <br> DISTRICT, ) <br> ) <br> Defendant. ) | Civil Action File No. _____ <br><br> **JURY TRIAL DEMANDED** |

## **COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

Plaintiff Tammy Willis ("Plaintiff" or "Ms. Willis") files the Complaint for Equitable Relief and Damages against Defendant Gwinnett County School District. (the "GCSD" or "Defendant") showing the Court the following:

### INTRODUCTION

1. This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12101 *et seq.*, to correct unlawful employment practices based on disability, to vindicate Plaintiff Willis's rights, and to make her whole. Ms. Willis seeks injunctive and declaratory relief, back pay and lost benefits, front pay, or reinstatement to a full-time position with commensurate benefits, compensatory

1

damages, and attorney's fees and costs of litigation.

2. Ms. Willis brings this action because under the ADA, she had an actual impairment, a record of actual impairment, or GCSD regarded her as having an impairment for which GCSD terminated her employment.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

4. Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant GCSD conducts business in this district and division and the unlawful actions and practices alleged herein were committed within the Northern District of Georgia.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Ms. Willis filed a charge of discrimination with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which she complains.

6. Ms. Willis received a Notice of Right to Sue relating to her charge of discrimination, charge number 410-2020-01607.

7. Ms. Willis brings this suit within ninety (90) days of the receipt of her Notice of Right to Sue.

## THE PARTIES

8. Ms. Willis is a citizen of the United States and a resident of the State of Georgia.

9. Ms. Willis submits herself to the jurisdiction of this Court.

10. Ms. Willis is and, at all times relevant hereto, was an individual with a disability as that term is defined by 42 U.S.C. § 12102(1) in that she suffers from heart conditions and a chronic illness – Lupus – of which GCSD was aware.

11. Ms. Willis is a person with a disability because she has actual physical impairments causing substantial limitations in one or more major life activity, because she has a record of impairment, and because GCSD regarded her as having an impairment.

12. Ms. Willis is capable of performing the essential functions of her job with accommodations.

13. GCSD is a public school system located in Gwinnett County, Georgia, with its main offices located in Suwanee, Georgia.

14. GCSD is an employer within the meaning of the ADA and has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

15. At the time of the events of which Ms. Willis complains, GCSD

conducted business and maintained facilities in the State of Georgia and is subject to the jurisdiction and venue of this Court.

16. GCSD may be served with process by serving the Superintendent, Dr. Calvin Watts at 437 Old Peachtree Rd. NW, Suwanee, Georgia 30024.

## STATEMENT OF FACTS

17. Ms. Willis began employment with GCSD in September 2015 as a Paraprofessional.

18. At all times relevant to this Complaint, Ms. Willis was assigned as a Paraprofessional to B.B. Harris Elementary School.

19. Ms. Willis performed her job well and was not disciplined at any time before her termination.

20. On August 30, 2019, Ms. Willis requested an accommodation for her disabilities and submitted interactive process paperwork.

21. On September 19, 2019, rather than accommodate Ms. Willis, GCSD terminated her for pretextual reasons.

22. Defendant terminated Ms. Willis's employment because of her disability, rather than accommodating her disability, because it regarded her as disabled, and in retaliation for her requesting an accommodation under the ADA.

23. In discriminating and retaliating against Ms. Willis in violation of the

ADA, GCSD acted willfully, wantonly, and intentionally to harm Ms. Willis and her federally protected rights.

24.     Additionally, and in the alternative, Defendant GCSD acted with reckless disregard for Ms. Willis and her federally protected rights.

25.     The effect of Defendant GCSD's above-stated actions has been to deprive Ms. Willis of employment opportunities, income in the form of wages, prospective employment benefits, including social security and other benefits to which she would have been entitled but for Defendant GCSD's illegal actions.

26.     The effect of Defendant GCSD's above-stated actions has also caused Ms. Willis to suffer out-of-pocket losses and mental and emotional distress for which she seeks redress.

## COUNT I
## Violation of ADA – Regarded as Disabled

27.     Ms. Willis incorporates by reference all the preceding paragraphs of the Complaint.

28.     At all times relevant hereto, Defendant GCSD has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADA.

29.     At all times relevant hereto, Ms. Willis was an individual with a disability as defined under the ADA, 42 U.S.C. § 12102(1)(C) because Defendant

GCSD regarded her as a person with an impairment as defined by the Act.

30. Moreover, at all times relevant hereto, Ms. Willis has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able to perform the essential functions of the job.

31. Defendant GCSD terminated Ms. Willis because it regarded her as disabled.

32. Defendant GCSD's actions violated Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

33. As a direct and proximate result of Defendant GCSD's intentional discrimination, Ms. Willis has suffered out-of-pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

34. The actions taken against Ms. Willis by Defendant GCSD have caused her to suffer both monetary and non-monetary damages.

35. Pursuant to the ADA, Ms. Willis is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory/emotional damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

36.     Accordingly, Ms. Willis is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant GCSD's violation of her rights under the ADA.

## COUNT II
### Actual Discrimination/Failure to Accommodate in Violation of ADA

37.     Ms. Willis incorporates by reference all the preceding paragraphs of the Complaint.

38.     At all times relevant hereto, Defendant GCSD has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADA.

39.     At all times relevant hereto, Ms. Willis was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(1)(A).

40.     Defendant was aware of Ms. Willis's disabilities and history and record of disability.

41.     At all times relevant hereto, Ms. Willis has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able to perform the essential functions of her job.

42.     Ms. Willis's disabilities substantially limited one or more major life activities.

43.     On August 30, 2019, among other times, Ms. Willis requested

accommodations from Defendant GCSD relating to her disabilities and attempted to engage in the interactive process with GCSD.

44. Defendant GCSD granted accommodations for Ms. Willis's disabilities in the past, but with respect to her August 30, 2019 request for accommodation, GCSD terminated Ms. Willis rather than granting her request for accommodation.

45. Defendant GCSD's actions amount to a violation of Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability and requires reasonable accommodation for disabilities.

46. As a direct and proximate result of Defendant GCSD's intentional discrimination, Ms. Willis has suffered out-of-pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

47. The actions taken against Ms. Willis by Defendant GCSD have caused her to suffer both monetary and non-monetary damages.

48. Pursuant to the ADA, Ms. Willis is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory/emotional damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

49. Accordingly, Ms. Willis is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant GCSD's violation of her rights under the ADA.

## COUNT III
### Retaliation in Violation of the ADA

50. Ms. Willis incorporates by reference all the preceding paragraphs of the Complaint.

51. At all times relevant hereto, Defendant GCSD has been subject to the requirements of Title I of the ADA.

52. At all times relevant hereto, Mr. Willis was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(1)(A).

53. On August 30, 2019, Ms. Willis engaged in protected activity under the ADA when she requested a reasonable accommodation for her ADA-covered disabilities.

54. Defendant GCSD refused to grant Ms. Willis's request for accommodation and terminated her employment in retaliation for requesting an accommodation in violation of the ADA.

55. Defendant GCSD's actions in retaliating against Ms. Willis following her requests for reasonable accommodation were committed with reckless disregard for her right to be free from retaliatory treatment in violation of the ADA.

56. The effect of Defendant GCSD's above-mentioned conduct has been to deprive Ms. Willis of equal employment opportunities and benefits due to her willingness engage in protected activity.

57. The actions taken against Ms. Willis by Defendant GCSD have caused her to suffer both monetary and non-monetary damages.

58. Pursuant to the ADA, Ms. Willis is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory/emotional damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

59. Accordingly, Ms. Willis is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant's violation of her rights under the ADA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and that the following relief be granted:

(a) A declaration that Defendant has violated the rights of Plaintiff under the federal statutes listed above;

(b) A permanent injunction against Defendant enjoining Defendant from further violations of the federal statutes listed above;

(c) Judgment in her favor and against Defendant under all counts of this Complaint;

(d) Order Defendant to make Ms. Willis whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, taking into account all raises to which Ms. Willis would have been entitled, together with interest thereon, all in an amount to be proven at trial;

(e) Order that Ms. Willis be reinstated or, in the alternative, be awarded front pay;

(f) Grant to Ms. Willis compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(g) Grant to Ms. Willis a jury trial on all issues so triable;

(h) Grant to Ms. Willis her reasonable attorney's fees and reasonable expert witness fees together with any and all other costs associated with this action; and

(i) Grant such additional monetary and equitable relief as the Court deems proper and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 21st day of June 2022.

LEGARE, ATTWOOD & WOLFE, LLC

**Cheryl B. Legare**
Georgia Bar No. 038553
cblegare@law-llc.com

125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212

Counsel for Plaintiff